**LUCKY CAB COMPANY, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 14–1029, 14–1057.

United States Court of Appeals, District of Columbia Circuit.

Nov. 3, 2015.

Sarah Elizabeth Henninger, Jennifer Lynn Mora, Littler Mendelson PC, Los Angeles, CA, Petitioner.

Linda Dreeben, Elizabeth Ann Heaney, Esquire, National Labor Relations Board, John H. Ferguson, Micah Prieb Stoltzfus Jost, National Labor Relations Board, Appellate And Supreme Court Litigation Branch, Washington, DC, for Respondent.

BEFORE: BROWN, Circuit Judge, and SENTELLE and RANDOLPH, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the National Labor Relations Board and on the briefs of the parties and oral arguments of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

Lucky Cab Company (Lucky Cab) seeks review of a National Labor Relations Board (Board) decision finding that Lucky Cab engaged in unfair labor practices during a campaign leading up to a representation election, in violation of 29 U.S.C. § 158(a)(1) and (3), by threatening the loss of employment benefits and job security if employees chose the union and discharging six employees who were involved in union activities. The Board cross-petitions for enforcement of its order. The Board's findings are conclusive "with respect to questions of fact if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). "This court's review of a Board decision to determine whether it is supported by substantial evidence is highly deferential." *Parsippany Hotel Mgmt. Co. v. NLRB*, 99 F.3d 413, 419 (D.C.Cir.1996). "[T]he court will uphold the Board's decision upon substantial evidence even if we would reach a different result upon *de novo* review." *Evergreen Am. Corp. v. NLRB*, 362 F.3d 827, 837 (D.C.Cir.2004). Applying these standards to the record in this case, we conclude that substantial evidence supports each of the Board's findings. Therefore, we deny Lucky Cab's petition for review and grant the Board's cross-application for enforcement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.